14  681
15   56

[No. 2260. Decided June 15, 1896.]

SPOKANE AND EASTERN TRUST COMPANY, *Appellant*, v.
J. F. LAVIGNE, *County Treasurer, Respondent.*

COUNTY TREASURER — POWERS — TRANSFER OF GENERAL TO SALARY
FUND — STATUTES — CONSTRUCTION.

Laws 1889-90, p. 314, § 36, authorizing the county treasurer in
case the salary fund should prove insufficient for payment of sala-
ries of county officers, to transfer from said fund to the general
county fund such sums as may be necessary to pay said salaries as
they become due, cannot be confined to moneys in the general fund
not otherwise appropriated, but applies to any moneys which may
be in that fund, although warrants may have been drawn thereon
prior to such transfer.

If the language of the statute is capable of two constructions, one
of which will make it entirely consistent with the provisions of the
constitution, and the other inconsistent with such provisions, that
which will make it consistent must be adopted by the courts; but,
if the language used is capable of but one construction, the courts
have no discretion in the premises, but must give the intention
manifested from the language used such force as is warranted un-
der the provisions of the constitution.

Appeal from Superior Court, Stevens County.—Hon.
JESSE ARTHUR, Judge.   Affirmed.

*D. W. Henley*, for appellant.

*C. A. Mantz*, and *S. & J. W. Douglas*, for respondent.

The opinion of the court was delivered by

HOYT, C. J.—In the complaint filed in this action,
in addition to formal matters, it was alleged that plain-
tiff was the owner of certain warrants drawn dur-
ing the years 1891 and 1892 upon the treasurer of
Stevens county, that said warrants were unpaid, that
the defendant as treasurer of said county had trans-
ferred certain moneys from the general fund of the
county to the salary fund created by the act of March

26, 1890, that unless he was restrained he would make further transfers from the general to the salary fund. And the prayer was that such treasurer should be enjoined from making such transfers until the outstanding warrants upon such general fund should in the order of their issue have been duly paid.

It is nowhere alleged in the complaint nor is it claimed in the brief of appellant that the treasurer was proceeding otherwise than the law required, if the act in question authorized the transfer from the general fund to the salary fund of any moneys in such general fund excepting those not otherwise appropriated. Section 36 of said act (Laws 1889–90, p. 314) is in the following language:

" For the purpose of paying the salaries provided for in this act, all fees directed to be paid into the county treasury shall be set apart therein as a separate fund, to be known as the salary fund, to be applied to the payment of said salaries; should the amount received from such source be insufficient, it shall be the duty of the county treasurer, from time to time, to transfer to said fund from the general county fund such sums as may be necessary to pay said salaries as they become due, notifying the county auditor of such transfer.    At the regular term of county commissioners' court, they shall transfer any excess of the salary fund to the general county fund, should they deem it expedient so to do."

And upon the construction to be given to this section the rights of the parties must depend.   The appellant contends that thereunder it should be held that the treasurer was authorized only to make the transfer from moneys not otherwise appropriated, for the reason that if it is construed to cover moneys necessary for the payment of outstanding warrants, it would be unconstitutional as to warrants outstanding at the date of its passage.   But this reason furnishes

no authority for construing the section to apply only to unappropriated moneys, if the language used clearly indicates a contrary intention on the part of the legislature.

If the language used is capable of two constructions, one of which will make it entirely consistent with the provisions of the constitution, and the other inconsistent with such provisions that which will make it consistent must be adopted by the courts; but if the language used is capable of but one construction the courts have no discretion in the premises, but must give the intention manifested from the language used such force as is warranted under the provisions of the constitution.   This rule applied to the language of the section under consideration compels us to hold that the authority to transfer from the general to the salary fund was not confined to moneys in the general fund not otherwise appropriated, but applied to any moneys which might be in that fund.

When construed in the light of the other provisions of said act, said section is capable of but one interpretation, and that is that the legislature intended to make the amounts due to officers of the county for salaries a preferred claim, and to make it the duty of the treasurer to transfer sufficient money from the general to the salary fund to provide for their immediate payment.

It follows that we are unable to construe the law as contended for by the appellant, and it not being claimed that such law is unconstitutional as to the warrants in its hands, it is not in a situation to take advantage of the fact, if fact it be, that it was beyond the power of the legislature to provide for such transfer when the rights of creditors existing at the time of the passage of the act would be invaded.   For these reasons the

complaint fails to state a cause of action, and the order of the superior court sustaining the demurrer thereto, and the judgment rendered thereon, must be affirmed.

SCOTT, ANDERS and DUNBAR, JJ., concur.

GORDON, J.—I concur in the result for the reason that the complaint shows that all of appellant's warrants were issued subsequent to the passage of the act in question. Also because it cannot be said as matter of law, that there were at the time of the passage of the act, any outstanding warrants upon which the act could prejudicially operate. Hence there is nothing in the record, or of which the court can take judicial notice, upon which to base the assumption that the act impaired any right then existing.